IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SPRINT NEXTEL CORPORATION, ET AL. :
:
v. : CIVIL NO. CCB-13-617
:
SIMPLE CELL, INC., ET AL. :
...o0o...

**MEMORANDUM**

Plaintiffs Sprint Nextel Corporation and Sprint Communications Company, LP (collectively, "Sprint") have filed this action alleging that the defendants, various entities and individuals in the business of reselling mobile devices, unlawfully obtained and dealt Sprint devices without Sprint's authorization and to its detriment. Defendants Wireless Buybacks LLC, Wireless Buybacks Holdings LLC, Kevin Lowe, Kevin Salkeld, and Brendan T. Skelly (collectively, "the Wireless Buybacks defendants") have filed a motion for a 90-day stay of proceedings in this case. Defendants Simple Cell, Inc., Christopher Metzger, Nicholas F. Skelly, and Shannon A. Skelly (collectively, "the Simple Cell defendants") have filed a motion for a more definite statement. Sprint, along with filing two lists of phones it believes are stolen and in possession of the defendants, has filed a "turnover request" seeking a writ of possession for such phones. For the reasons stated below, these motions will all be denied.

**A. Motion for Stay**

The factors set forth in *In re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. 358, 359 (D. Md. 1981) having been considered, the court will deny the defendants' request for a stay. While it appears from the record that at least one search warrant has been executed in this case, indicating a criminal investigation underway through the United States Attorney's Office for the Southern District of Texas, there is as yet no indictment and no definite indication of when or

1

whether there may be criminal charges against the defendants. In the meantime, Sprint has an interest in pursuing discovery in a relatively expeditious fashion to prevent the alleged continuing sale of infringing Sprint phones. Protective orders as needed in connection with any specific discovery that poses a demonstrable threat to an individual's right against self-incrimination will be considered as the litigation develops, but that threat has not yet been shown nor does the pendency of a criminal investigation warrant a complete stay of discovery in this case.

### B. Motion for More Definite Statement

Under Rule 12(e), a defendant is entitled to a more definite statement where the complaint is "so vague [or] so ambiguous that the defendant cannot reasonably be required to answer." *Hodgson v. Virginia Baptist Hospital, Inc.*, 482 F.2d 821, 824 (4th Cir. 1973). The Simple Cell defendants' suggestion that Sprint's forty-three page complaint, which includes fourteen exhibits and extensive details concerning the defendants' alleged misconduct, somehow meets the Rule 12(e) standard is without merit. Not only do Sprint's complaint and attached exhibits provide significantly more discovery than defendants are typically entitled to at this stage of the proceeding, but many of Sprint's assertions and exhibits directly relate to Simple Cell. (*See, e.g.*, Complaint, ECF No. 1, ¶¶ 53-57; ECF Nos. 1-4 & 1-5, Exhibits D & E). To the extent that the Simple Cell defendants believe they had no involvement in the alleged scheme, or that they have no knowledge or awareness of facts Sprint has pled, their Answer is the appropriate forum for voicing as much. Otherwise, Sprint is under no obligation to plead additional facts or adduce further evidence to satisfy the requirements of Rule 8 or Rule 12(e).

### C. Sprint's "Turnover Request"

Finally, Sprint's renewed "turnover request" seeking a writ of possession for those phones it believes are stolen will also be denied. The TRO that has been entered in this case (which will be extended) adequately balances Sprint's and the defendants' interests by ensuring potentially stolen phones will be recoverable if Sprint succeeds on the merits, while preventing the harm that may result to the defendants' businesses if Sprint fails to prove it is entitled to some or all of the allegedly stolen devices but had already taken possession of them. (*See* TRO, ECF No. 43, at 6-7). As the defendants note, Sprint's proprietary determination that the phones are "stolen" does not conclusively prove as much on the merits. Because the defendants would be in violation of this court's order to sell the phones that Sprint has identified (*see* ECF Nos. 48 & 64), Sprint will be able to take possession of these phones, if they are proved stolen, upon resolution of this matter.

### CONCLUSION

For the reasons stated above, the court will deny the Wireless Buybacks defendants' motion for a stay, the Simple Cell defendants' motion for a more definite statement, and Sprint's "turnover request." The existing TRO in this case will be extended for 90 days.

A separate Order follows.

|  |  |
|---|---|
|     5/6/13 |     /s/ |
| Date | Catherine C. Blake |
|  | United States District Court |