IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SPRINT NEXTEL CORPORATION, *et al.* :
:
    v. :      Civil No. CCB-13-617
:
SIMPLE CELL, INC., *et al.* :

## **MEMORANDUM**

Plaintiffs Sprint Nextel Corporation and Sprint Communications Company, LP (collectively, "Sprint") filed the current action claiming that the defendants, various entities and individuals in the business of reselling mobile devices, unlawfully obtained and dealt Sprint devices without Sprint's authorization and to its detriment. Defendants Wireless Buybacks Holdings, LLC, Wireless Buybacks, LLC, Kevin A. Lowe, Kevin Edward Salkeld, and Brendan T. Skelly (collectively, "the Wireless Buybacks defendants" or "the defendants") now assert two counterclaims. They ask the court in Count I for declaratory judgment "that Sprint customers purchasing new wireless phones originally programmed to operate on the Sprint network are not precluded by the terms and conditions that accompany those phones from reselling the phones." (Wireless Buybacks Defs.' Answer, ECF No. 106, at 55.) In Count II, they request declaratory judgment "that Wireless Buybacks does not infringe on Sprint's trademark by reselling pre-owned phones bearing the Sprint name and trademark." (*Id.*) Pending before the court is Sprint's motion to dismiss the Wireless Buybacks defendants' two counterclaims. The issues in this case have been fully briefed, and no hearing is necessary. *See* Local R. 105.6. For the reasons stated below, the motion will be denied without prejudice.

1

## BACKGROUND

The procedural background of this case is summarized in the court's July 17, 2013, Memorandum, and need not be repeated in its entirety here. (*See* ECF No. 102.) On February 26, 2013, Sprint filed suit against the Wireless Buybacks defendants and several other defendants, claiming that they "are engaged in, and knowingly facilitate and encourage others to engage in, unlawful business practices involving the unauthorized and deceptive bulk purchase and resale . . . of Sprint Phones . . . ." (Compl., ECF No. 1, at ¶ 2.) The defendants are allegedly engaged in a scheme whereby they acquire large quantities of Sprint phones through a variety of means,[1] and then—most relevant to the motion currently pending—resell the phones "*unlocked*."[2] (*Id.* at ¶¶ 3–6 (emphasis added).) As a result of this alleged scheme, Sprint claims it has suffered substantial harm. (*Id.* at ¶¶ 64–70.) The Wireless Buybacks defendants now bring two counterclaims, which, they assert, "seek declarations regarding [their] actual business practices: lawfully purchasing and reselling *locked* Sprint phones for activation on Sprint's US network." (Wireless Buybacks Defs.' Opp., ECF No. 113, at 1 (emphasis added).)[3]

## STANDARD

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474

---

[1] Sprint alleges that the defendants pay individuals to enter into Sprint contracts with no intention of using the phones on Sprint's network, and also obtain phones through burglary or armed robbery of Sprint retail stores and authorized dealer locations. (Compl. at ¶¶ 3–4.)

[2] "Unlocked" phones refer to phones that have been hacked so they can be used without a contract and on non-Sprint networks. (*See* Compl. at ¶ 5.)

[3] Sprint contests that the counterclaims are limited to the defendants' ability to sell locked Sprint phones. Given that the defendants deny reselling unlocked phones, however, it does not make sense that they would request declaratory judgment regarding that practice. The court adopts the Wireless Buybacks defendants' interpretation of their counterclaims, and agrees that they only request declaratory judgment regarding locked phones.

(4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[A] federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an 'actual controversy' between the parties 'of sufficient immediacy and reality to warrant issuance

3

of a declaratory judgment;' (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Constr. Equipment N. Am., Inc. v. CLM Equipment Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.").

Relying on the principle that federal courts have discretion to decline to exercise jurisdiction over a declaratory judgment action, Sprint asks the court to dismiss Counts I and II as duplicative of its complaint. The court may indeed dismiss declaratory judgment counterclaims that are the "mirror image" of the plaintiff's affirmative claims. *See Atlantic Recording Corp. v. Serrano*, No. 07-CV-1824 W(JMA), 2007 WL 4612921, at *4 (S.D. Cal. Dec. 28, 2007) ("Courts often dismiss 'mirror image' counterclaims where they merely restate issues already before the court as part of a plaintiff's affirmative case.");[4] *see, e.g.*, *Interscope Records v. Kimmel*, No. 3:07-CV-0108, 2007 WL 1756383, at *4–5 (N.D.N.Y. June 18, 2007) (dismissing a counterclaim for declaratory judgment which was redundant of the plaintiff's claim).

The court cannot agree, however, that Counts I and II are "mirror images" of Sprint's affirmative claims. As explained above, the counterclaims seek declarations related to the resale of locked phones, while Sprint's complaint concerns the resale of unlocked phones. The defendants do not simply ask the court to declare the acts alleged by Sprint lawful. *Cf. Atlantic Recording Corp.*, 2007 WL 4612921, at *4 (dismissing a counterclaim under the "mirror image"

---

[4] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.

4

theory when the complaint alleged that the defendant's music downloading constituted copyright infringement, and the counterclaim requested declaratory judgment that downloading music did not infringe on the copyright); *see also Kimmel*, 2007 WL 1756383, at *5; *Interscope Records v. Duty*, No. 05CV3744-PHX-FJM, 2006 WL 988086, at *3 (D. Ariz. Apr. 14, 2006). Moreover, resolution of Sprint's claims will not necessarily resolve the issues raised by the counterclaims. *See Sprint Nextel Corp. v. Middle Man, Inc.*, No. 12-2159-JTM, 2013 WL 1197137, at *2 (D. Kan. Mar. 25, 2013) (finding that a counterclaim was not the "mirror image" of the plaintiff's complaint when resolution of the plaintiff's claims would not necessarily resolve the defendant's counterclaim); *see also Shire LLC v. Mickle*, No. 7:10-CV-00434, 2011 WL 863503, at *2 (W.D. Va. Mar. 10, 2011) ("[The defendant] is entitled to seek more than simply a defensive victory. He is entitled to settle and clarify the broader controversy, something the resolution of [the plaintiff's] . . . claims may or may not accomplish."). For instance, if the court were to determine the defendants do not resell unlocked phones, it likely would not reach the question of whether they infringe on Sprint's trademark by reselling locked phones. In addition, the court likely would not decide whether Sprint customers are prohibited from selling locked phones to the Wireless Buybacks defendants. Counts I and II, therefore, will not be dismissed as "mirror images" of Sprint's claims.

Next, Sprint asserts that Counts I and II are repetitive of the Wireless Buybacks defendants' answer and affirmative defenses. "Courts have typically declined to consider counterclaims for declaratory relief that are duplicative of affirmative defenses." *Malibu Media, LLC v. Doe 1*, No. DKC-12-1198, 2012 WL 6681990, at *3 (D. Md. Dec. 21, 2012); *see, e.g.*, *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213, 1226–27 (C.D. Cal. 2003); *Fed. Deposit Ins. Corp. v. Bancinsure, Inc.*, 770 F. Supp. 496, 500 (D. Minn. 1991). The

defendants deny in their answer that they violated the Sprint Terms and Conditions and, for their eighteenth affirmative defense, assert that Sprint's claims are barred because "it did not provide any value to Defendants to support its claimed contract with the Wireless Buybacks Defendants." (Wireless Buybacks Defs.' Answer at 22–23, 47.) But neither the answer nor the affirmative defense address the defendants' ability to purchase phones from Sprint customers. Turning to Count II, the court agrees with the Wireless Buybacks defendants that their "answer and affirmative defenses necessarily respond[] to the claims *as framed by Sprint*." (Wireless Buybacks Defs.' Opp. at 11.) The defendants' answer and affirmative defenses, therefore, address the alleged scheme involving unlocked phones, while Count II seeks a declaration regarding their ability to resell locked phones. The counterclaims, in short, are not duplicative of the Wireless Buybacks defendants' answer and affirmative defenses.

Sprint also argues that the Wireless Buybacks defendants seek declarations regarding hypothetical questions and, therefore, do not allege an "actual controversy." *See Volvo*, 386 F.3d at 592; *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted) ("Our decisions have required that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'") According to Sprint, Count I seeks a declaration regarding Sprint customers' purchase of "*new* wireless phones," but the Wireless Buybacks defendants "do not allege anywhere in their Counterclaim that [the defendants] actually purchased *new* phones from Sprint." (Sprint's Mot. to Dismiss, ECF No. 109, at 11.) A similar argument was rejected in *Middle Man*. 2013 WL 1197137, at *3. In that case, Sprint argued that Middle Man could not bring a counterclaim requesting

declaratory judgment on "whether Sprint's Terms and Conditions restrict Sprint phone purchasers from reselling their Sprint phones" because "nowhere in its pleading does Middle Man allege that it purchased new phones from Sprint." *Id.* at *1, *3. Acknowledging that the Declaratory Judgment Act requires "an actual controversy," the court reasoned that "Sprint's Complaint accuses Middle Man of inducing Purchasers to breach their contracts with Sprint." *Id.* at *3 (internal quotation marks omitted). "Therefore, regardless of whether Middle Man purchased a phone from Sprint, an actual controversy does exist regarding Sprint's contractual relationship with customers." *Id.* Here, as in *Middle Man*, Sprint accuses the defendants of "induc[ing] purchasers to breach their contracts with Sprint." (Compl. at ¶ 112.) Accordingly, regardless of whether the defendants purchased a phone from Sprint, there is an "actual controversy" between the Wireless Buybacks defendants and Sprint regarding Sprint's contractual relationship with its customers.[5]

Sprint argues that Count II likewise "seeks a non-infringement declaration, but [the defendants] do not allege that they purchase or sell Sprint phones, and under what circumstances." (Sprint's Reply, ECF No. 116, at 4.) The defendants, however, admit as much in their opposition brief. They state that they are seeking declaratory judgment regarding "whether they may *continue* lawfully purchasing and reselling *locked* Sprint phones for activation on Sprint's US network without the risk of future litigation for contract or trademark claims." (Wireless Buybacks Defs.' Opp. at 14 (emphasis added).)

---

[5] The court also rejects Sprint's argument that the defendants lack standing to pursue Count I because they are asserting a claim on behalf of Sprint customers. The defendants are essentially asking for a judgment declaring that they may purchase phones from Sprint customers. Accordingly, they are asserting a claim on behalf of themselves. *See Valley Forge Christian College v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 474 (citation and internal quotation marks omitted) (explaining that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").

While the court will not dismiss Counts I and II at this time, it may exercise its discretion to do so after the close of discovery and in connection with any motions for summary judgment that may be filed. The three essentials for exercising jurisdiction set forth in *Volvo*, 386 F.3d at 592, have been satisfied for purposes of Rule 12(b)(6). It remains to be seen whether ruling on the merits of the declaratory judgment claims in fact "will serve a useful purpose in clarifying and settling the legal relations in issue, and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Volvo*, 386 F.3d at 594 (citation and internal quotation marks omitted).

## CONCLUSION

For the reasons stated above, Sprint's motion to dismiss will be denied without prejudice. A separate order follows.

March 4, 2014 /s/
Date Catherine C. Blake
United States District Judge